Memphis & Cin. Packet Co. v. Buckner.

CASE 94—ACTION FOR PERSONAL INJURIES—JUNE 13.

# Memphis & Cin. Packet Co. v. Buckner.

APPEAL FROM KENTON CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. AFFIRMED.

TRIAL—SENDING JURY TO VIEW PREMISES—STEAMBOAT CARRIER—CARE
REQUIRED AS TO SHIPPER WHO FEEDS HIS STOCK—CONTRIBUTORY
NEGLIGENCE.

Held:   1. In an action to recover damages for injuries received
from falling into an open hatchway on a boat, it was discre-
tionary with the court to send the jury to view the boat.
2. A shipper of stock who is carried on a steamboat on condition
that he is to care for his stock, is entitled to the same care as
other passengers; and therefore it was negligence as to such a
passenger to leave a hatchway open, unlighted and unguarded,
without any warning to him from the officer in charge of that
part of the boat, who knew that he was passing that way in
caring for his stock, and also knew the danger.
3. As plaintiff had passed over that way several times in company
with, or with knowledge of, the mate, and found it all right, he
was not guilty of contributory negligence, as matter of law, in
assuming that it was safe, but that question was for the jury.

HARVEY MEYERS FOR APPELLANT.

1. The evidence shows conclusively that appellee knew where the
hatchway was, and that it was liable to be open, and in going
to feed his stock, he could have avoided going near it, and would
not have been injured had he used ordinary care.
2. The burden was upon the appellee to show negligence on the
part of appellant, in order to entitle him to recover, even if
he were not guilty of contributory negligence. Hughes v. Rail-
road Co., 91 Ky., 531; Crane's Adm'r. v. Ohio Valley Tel.Co.,  47 S.
W., 760; Reed v. Cov. & Cin. Bridge Co., 16 Ky. Law Rep., 379;
Dwyer v. Natl. Steamship Co., 4 Fed. Rep., ——; Murray v.
McLean, 57 Ill., 378; Shearman & Redfield on Negligence, sec.
523.
3. Instruction No. 1 given by the court made it the duty of the of-
ficers of the boat to direct appellee which route or way he
should take.  If appellee voluntarily went upon deck it should

have been his duty to make inquiry, and not the duty of the officers to seek him out and inform him.

4. The court erred in refusing to permit the jury to visit and inspect the boat where the injury was received.

W. S. PRYOR, ATTORNEY FOR APPELLANT.

1. There are two views of this case presented by the testimony, but in either aspect the verdict should have been for the defendant, and the jury should have been so instructed.

2. The defendant, by his own request, and it was a part of his contract, was allowed to feed and take care of his own stock on the boat. He knew there were hatchways on boats for loading beneath the second deck, and yet with a dim light, without making inquiry as to the best route to take, he negligently fell into the hatchway and was injured. This was such contributory negligence as precludes his right to recover. He assumed the risk. Shearman & Redfield on Negligence, 294.

M. L. HARBISON AND R. P. ERNST FOR APPELLEE.

1. The court properly overruled the motion of appellee for peremptory instruction. The record presents questions of fact that were properly submitted to the jury under proper instructions.

2. Appellant knew that appellee was using this passage way to go to his horses and knowing it was dangerous, no other way was pointed out to him.

3. On the occasion when the accident occurred the passage way was darkened by reason of piles of freight on both sides. The hatchway was left open. There was no guard about it, and no person there to warn appellee of the danger. There was no evidence that he knew of this hatchway. Lake Shore & M. S. Ry. Co. v. Brown, 123 Ill., 162; Chicago & E. Ill. Ry. Co. v. O'Connor, 119 Ill., 586; L. R. & Ft. S. Ry. Co. v. Miles, 40 Ark., 298; Lawson, Admx., v. Chicago, St. P., &c., Ry. Co., 64 Wis., 447; Chicago, Milwaukee, &c., Ry. Co. v. Carpenter, 12 U. S. A., 392; Missouri Pac. Ry. Co. v. Ivey, 71 Texas, 409; Fla. Ry. & Nav. Co. v. Webster, 25 Fla.; Porter v. N. Y., L. E. & W. Ry. Co., 13 N. Y. Supp., 491; Carroll v. N. Y. & N. H. Ry. Co., 1 Duer., 571, 1st Syl.; Creed v. Pa. Ry. Co., 86 Pa. St., 139; B. & O. R. R. Co. v. State, 72 Md., 37; O'Donnell v. The Ry. Co., 59 Pa. St., 239; Chicago & Alton Ry. Co. v. Winters, 175 Ill., 293 and 303; N. Y. C. & St. L. Ry. Co. v. Blumenthal, 160 Ill., 40; Chicago City Ry. Co. v. Rood, 163 Ill., 477; Richmond & Danville R. R. Co. v. Powers, 149 U. S., 43; Grand Trunk Ry. v. Ives, 144 U. S., 408 and 417; Texas & Pac. Ry. Co. v. Gentry, 163 U. S., 353;

Shearman & Red. on Negligence (5th ed.), vol. 1, secs. 52 and
54; Cahill v. Cincinnati, &c., Ry. Co., 92 Ky., 345; Needham
v. L. & N. R. R. Co., 85 Ky., 423; Lou. Southern R. R. Co. v.
Minogue, 90 Ky., 369; L. & N. R. R. Co. v. Walton, 13 Rep.,
461, par. 21.

4. There was no error either in giving or refusing instructions.
5. The verdict is not excessive and was fully warranted by the evi-
dence. Hanover Ry. Co. v. Coyle, 55 Pa. St., 396; 3 Sutherland
on Damages, page 716; L. & N. R. R. Co. v. Turner, 13 Rep., 606.
6. We do not know of any case in which it has been held that a trial
court abused its discretion in refusing to grant a motion to
have the jury visit some public conveyance for the purpose of
inspecting it. Clayton v. Chicago, &c., Ry. Co., 67 Ia., 238.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

Appellee, Hubbard G. Buckner, took passage for himself
and family on appellant's steamer New South from Cin-
cinnati, Ohio, to Goodrich Landing, in Louisiana, and while
on the boat fell into an open hatchway, sustaining severe
injuries, to recover for which he brought this suit. The
jury returned a verdict in his favor for $4,500. The evi-
dence was conflicting on the trial, but his version of the
facts was substantially as follows: He took two horses
with him, and made arrangements with appellant's super-
intendent that he would look after his own horses on the
trip. The horses were near the stern of the boat. Ap-
pellee fed them the evening that he got on the boat; also
the next morning. He passed over the hatch in controv-
ersy in going and returning on both these occasions. The
officer who had charge of the deck was with him when he
fed the horses in the morning, and returned with him to
the upper deck. Soon after breakfast he went down
again, to see after his horses. The same officer saw him
going, but said nothing to him; and soon after leaving
this officer, as he was on his way to the horses, he fell
into the open hatch, which was at a dark place on the

boat from the freight being piled up in such a way as to cut off the light. The freight was so piled as to leave a narrow passway between, as if for persons to go. He had passed through this space at least four times, and had found it all right; but as he went along on this occasion he fell into the hole from the hatch having been left open for some reason. The officer testified that he called appellee's attention to the hatch, and told him to go another way. Appellant also introduced proof showing that the hatch was open for the reason that freight was then being passed down through it into the hold; that two men were by the side of the hatch, passing the freight down, and the others 'below receiving it. Appellee denied all this, and the jury seem to have believed his testimony. There was no error in the admission or rejection of evidence. The instructions of the court were very clear, and as favorable to appellant as the law warrants. It was discretionary with the court to send the jury to look at the boat, and there seems, under the statute, to have been no error as to the place of trial.

The chief contention of the distinguished counsel for appellant is that the jury should have been instructed peremptorily to find for appellant on the ground that there was no negligence in leaving the hatch open, and that it was incumbent on appellee, in walking over the lower deck, where he knew there were hatchways, to avoid falling into them. The position of counsel, which was embodied in several instructions asked in the lower court, is stated in the brief in these words: "The appellee occupied no better position than the roustabout and employe, and while in the passenger cabin a degree of care and safety for his protection as a passenger is assured. When he leaves the cabin, and seeks to go upon the deck to perform

the menial service of feeding his stock or that of others, he must know, and is presumed to know, that his shield as a passenger is laid aside, and that the perils pertaining to such risks he voluntarily assumed." · The court below properly refused to assent to this view of the case. When appellant agreed with appellee that he might feed and care for his horses on the trip, it was his duty not to endanger him unnecessarily, and when it knew how he was proceeding to care for his stock it was its duty to inform him of dangers known to it but unknown to him. He had passed over this passway so often, and the freight was so piled about it, as to justify him in believing that it was safe, and had been left there for a passway. To leave a hold open in such a place, where there was no light, when the carrier knew of its use by appellee and others, was, it seems to us, negligence, unless some warning was given, for the officer in charge of the deck knew, not only that appellee was going this way, but saw him, just before he was injured going over it again. Appellee did not cease to be a passenger when he went to feed his stock, nor was appellant absolved from its obligation to protect him from dangers to which he was exposed, of which it had notice but he was ignorant. Thus, in Railway Co. v. Carpenter, 12 U. S. App. 392, (5 C. C. A., 551), (56 Fed., 451), the plaintiff was a stock dealer, traveling over the railroad in charge of some car loads of stock, which were near the front end of the train. When a stop was made at a station, he went forward from the caboose in which he had been riding, to examine the stock. While he was thus engaged, the engine gave the signal for starting, and the train pulled out. Finding it would be impossible for him to go back and

board the caboose, owing to the speed that the train would attain, he climbed upon one of the forward cars, for the purpose of walking back over the cars to the caboose; this being the custom. While walking back, he was struck by an overhead bridge, and severely injured. After he started to walk back, he did not turn to look in the direction in which the train was moving. The bridge might have been seen for a distance of three-quarters of a mile had he been looking in that direction. There was a verdict for the plaintiff, which was upheld on appeal. Among other things, the court said: "Under the circumstances we are not prepared to hold that it was his duty to assume that there were dangerous structures ahead, and that he was guilty of culpable negligence in failing for a few minutes to turn and look for such structures. On the contrary, we think that the question of negligence in this respect was properly a question for the jury, and that the circuit court did right in submitting it to the jury." It is well settled that one who is carried on condition that he is to care for stock does not thereby cease to be a passenger, but is entitled to the same care as other passengers carried on the same train or conveyance. Lawson v. Railway Co., 64 Wis., 447, (24 N. W., 618), (54 Am. Rep. 634); Railway Co. v. Ivy, 71 Tex. 409, (9 S. W., 346), (1 L. R. A. 500); Railway Co. v. Miles, 40 Ark. 298, (48 Am. Rep. 10).

In Railroad Co. v. Beebe, 174 Ill., 13, (50 N. E. 1019), (43 L. R. A. 210), a stock owner on a freight train under a contract to care for his stock, but to ride in the caboose, was injured in the stock car, where he had gone to look after his stock, and before he had finished attending to it the train started out with him still in the stock car. When it stopped again, it was suddenly started with a violent jerk, by which he was thrown from the stock car, and

severely injured.    Among other things, the court said:
"The contract must be so construed as to be consistent
with itself.  If the deceased was obliged to feed, water,
and take care of his stock, he had the right to go into the
car where the stock was, in order to fulfill this obligation.
Counsel for appellant claim that while the train was in
motion it was the duty of the deceased to be in the ca-
boose, and that only when the train stopped did he have
any right to go into his car to feed and water his stock.
The evidence tends to show that when the train stopped
at Lasalle the deceased was in his own car, and was there
engaged in watering his stock, and was assisted in so
doing by the conductor and brakeman of the train.    While
he was thus engaged in feeding and watering his stock,
the train suddenly started,and did not again stop until it
reached the place where the accident occurred.    The stop
made at Lasalle would appear to have been a very short
one, and not long enough to enable the deceased to finish
the acts of attention which he was giving to his stock.
It was a fair question to be submitted to the jury whether,
under all the circumstances, the servants of appellant in
charge of the train did not fail to give the deceased suffi-
cient time to feed and water his stock and return to the
caboose before the train started.    After the train started,
and while it was in motion, it was not possible for him
to reach the caboose.    It was a question, therefore, for
the jury to determine, whether or not the deceased was
guilty of contributory negligence in being in the car, and
whether or not he was not forced to remain there by rea-.
son of the conduct of the servants of the appellant in caus-
ing the train to start before he had finished caring for
the stock.  If there had been no provision in the contract
of shipment requiring the deceased to feed and water his

stock, it would have been the duty of appellant to do so, and appellant would have been liable to the deceased for a loss or injury occurring to the stock in case it had failed to discharge this duty. But, inasmuch as, by the terms of the contract, the duty of caring for the stock was as-sumed by the deceased, as the shipper thereof, the appel-lant was under obligation to afford him a reasonable op-portunity and reasonable facilities for doing what the contract required him to do. It failed to furnish him such reasonable opportunity and facilities if it refused to de-tain its train long enough at a proper stopping place to enable him to feed and water his stock and return to the caboose before the starting of the train. 5 Am. & Eng. Enc. Law (2d Ed.) pp. 436, 437." In this case, under the instructions of the court, the jury have, in effect, found that it was in the contract for carrying plaintiff and his family and horses that during the trip plaintiff should feed and care for the horses; that appellant did not inform him of any route or way to travel in going to and from the horses; that he exercised ordinary care in selecting the route and using it; that appellant's officer in charge of that part of the boat knew, before plaintiff was injured, that he was using this route, and knew of the danger in its use, and did not inform him of the danger, or of any other route to travel; and that the hatch was negligently permitted to remain open, and unlighted and unguarded, by reason of which he was injured. While the evidence is conflicting, we are not prepared to say that the verdict is against the evidence, or that, considering the nature of the injuries, the amount allowed appellee is excessive. In its regard for human life the law imposes upon carriers of passengers the obligation to use proper care to protect them from injury which it has reason to anticipate; and

appellant was required, when it knew of appellee's use of this passway, to warn him of the danger attending its use, and the jury were warranted in finding it guilty of negligence in leaving the hatchway open, unguarded, and unlighted under the circumstances. As appellee had passed over this way so often, and found it all right, in company with, or with the knowledge of, the mate, we do not see that, as a matter of law, he was guilty of contributory negligence in assuming it was safe; and under the testimony the questions of negligence on the part of appellant and of contributory negligence on the part of appellee were properly submitted to the jury. Judgment affirmed.